UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GREEN COAST ENTERPRISES, LLC** | * | **CIV. NO.** |
| | * | |
| **Plaintiff** | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| | * | **MAG.:** |
| **CERTAIN UNDERWRITERS AT** | * | |
| **LLOYD'S, INTERSTATE FIRE &** | * | |
| **CASUALTY COMPANY, AND** | * | |
| **INDEPENDENT SPECIALTY** | * | |
| **INSURANCE COMPANY** | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANTS' NOTICE OF REMOVAL

**To:** The Judges of the United States District Court for the Eastern District of Louisiana

Pursuant to 28 U.S.C. § 1446, Defendants, Interstate Fire & Casualty Company (hereinafter, sometimes "Interstate Fire"), Certain Underwriters at Lloyd's, London (Consortium #9226) (improperly named as "Certain Underwriters at Lloyd's" in Plaintiff's Petition) (hereinafter, sometimes "Lloyd's"), and Independent Specialty Insurance Company (hereinafter, sometimes "Independent Specialty") (collectively "Defendants"), with full reservation of any and all defenses, objections, and exceptions, hereby give notice of the removal of this civil action from Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. A copy of this Notice of Removal is also being filed with the Clerk of Court for Civil District Court for the Parish of Orleans. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has

subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As grounds for this removal, Defendants respectfully represent the following:

## I. BACKGROUND AND ALLEGATIONS

1.

This action commenced against Defendants in Civil District Court for the Parish of Orleans, State of Louisiana, when Plaintiff filed its Petition on February 4, 2022, said action being designated as Case No. 2022-1051 ("the State Court Action"). *See* Petition, included with Exhibit A. True and correct copies of all process and pleadings served upon Defendants in the State Court Action are attached hereto as Exhibit A, *in globo*. A copy of the entire State Court record as certified by the Clerk of Court for the Parish of Orleans is attached hereto as Exhibit B.

2.

Defendants were served with the Petition on March 22, 2022. *See* Exhibit A. This Notice is therefore timely under 28 U.S.C. § 1446(b).

3.

This is a first party insurance claim involving Plaintiff's property located at 234 Loyola Avenue in New Orleans. *See* Petition, ¶ 4, attached with Exhibit A. Plaintiff contends that its property sustained damage resulting from a hailstorm on February 5, 2020. *Id.*, ¶ 5. At the time the alleged damage was sustained, Plaintiff contends the property was covered under a policy of insurance issued by Defendants, bearing policy numbers VPC-CN-000207-01; VRX-CN-0002071-01; and VIS-CN-000207-01 (hereinafter, "the Policy").[1] *Id.*, ¶ 4.

4.

Plaintiff alleges it provided notice of loss to Defendants, but no payments have been made under the policy, resulting in Plaintiff having to retain counsel. *Id.*, ¶ 6-8.

---

[1] Participation under the Policy is as follows: Independent Specialty: 22%; Interstate Fire: 68%; and Lloyd's: 10%.

5.

Plaintiff further claims that Defendants' failure to pay has placed the insured property at risk and caused Plaintiff to incur additional business losses and extra expenses, including increased construction costs. *Id.*, ¶¶ 9-10.

## II.  THEORIES OF LIABILITY AND CLAIMED DAMAGES

6.

Plaintiff contends that Defendants' failure to pay the claim constitutes a breach of the insurance contract, entitling Plaintiff to past, present and future damages, including, but not limited to:

1. Damage to the building and other structures located at the insured premises;
2. Mitigations, remediation and repair costs;
3. Diminution in value;
4. Loss and damage due to delays and/or inability to make repairs;
5. Business loss and extra expenses;
6. Loss of economic opportunities;
7. Any and all other applicable damages arising under any of the policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;
8. Any and all other consequential damages;
9. Attorney's fees and costs, including costs incurred prior to litigation as a result of Defendants' alleged breach of contract;
10. Any and all other damages shown through discovery or/and proven at the trial of this matter.

*Id.*, ¶¶ 15-16.

7.

As further discussed below, Plaintiff and Defendants are diverse, and because more than $75,000 is at stake in this litigation, this Court properly has subject matter jurisdiction over this litigation.

### III.  JURISDICTIONAL BASIS FOR REMOVAL

8.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the requisite diversity of citizenship exists between Plaintiff and Defendants; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.

**A.     There Is Complete Diversity of Citizenship**

At the time of the lawsuit and filing of this Notice of Removal, there was, and still is, complete diversity between Plaintiff (citizen of Louisiana) and Defendants, Certain Underwriters as Lloyd's, London (Consortium #9226) (a citizen of England and Bermuda); Interstate Fire & Casualty Company (a citizen of Illinois); and Independent Specialty Insurance Company (a citizen of Delaware).

10.

Plaintiff, Green Coast Enterprises, LLC, is a Louisiana limited liability company.  *See* Certified Record of Louisiana Secretary of State, attached hereto as Exhibit C.  Based on the certified records obtained from the Louisiana Secretary of State, Plaintiff's members are Will Bradshaw and Alexander Kelso, who are both citizens of the State of Louisiana.  *Id*.  Accordingly, Plaintiff is a citizen of the State of Louisiana.

11.

Defendant, Interstate Fire, is an Illinois corporation with its principal place of business located in Chicago, Illinois.   Interstate Fire is thus a citizen of the State of Illinois for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

12.

Defendant, Independent Specialty, is a Delaware corporation with its principal place of business located in Dover, Delaware.   Independent Specialty is thus a citizen of the State of Delaware for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

13.

Defendant, Certain Underwriters at Lloyd's, London (Consortium #9226)'s share of the Policy was underwritten through the Lloyd's insurance market.  Two underwriters (commonly known as "Names" or "Members") subscribed to this portion of the Policy through Syndicate 2357 and Syndicate 1458.

14.

The sole corporate Member for Syndicate 2357 is 100% owned by Nephila Syndicate Holdings Ltd., which is a Bermuda corporation and has its principal place of business in Bermuda.  Nephila Syndicate Holdings Ltd. is a citizen of Bermuda.

15.

RenaissanceRe Corporate Capital (UK) Limited is the sole member of Syndicate 1458. RenaissanceRe Corporate Capital (UK) Limited is an English corporation and has its principal place of business in London, England.  RenaissanceRe Corporate Capital (UK) Limited is a citizen of England.

16.

Accordingly, complete diversity exists in this action.

17.

**B.     The Amount In Controversy Requirement Is Satisfied**

Plaintiff has submitted a repair estimate to Defendants totaling $1,731,220.02, and Defendants dispute the necessity of said repairs as a result of any damage caused by a covered loss.

18.

While Defendants deny liability as to Plaintiff's allegations, the amount in controversy between Plaintiff and Defendants, including the subscribing Members to Syndicate 2357 and Syndicate 1458, which make up Lloyd's portion of the Policy, exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a).

### IV.  PROCEDURAL REQUIREMENTS FOR REMOVAL

19.

Service of process was made on all Defendants on March 22, 2022.  *See* Exhibit A.

20.

The United States District Court for the Eastern District of Louisiana embraces Orleans Parish, which is the parish in which the State Court Action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

21.

Pursuant to 28 U.S.C. § 1446(a), Defendants have attached true and correct copies of all process and pleadings served upon them in the State Court Action as Exhibit A.  A copy of the

entire State Court record as certified by the Clerk of Court for Civil District Court for the Parish of Orleans is attached hereto as Exhibit B.

22.

In compliance with 28 U.S.C. § 1446(d), Defendants are concurrently filing written notice of this removal with the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana, where the action is currently pending. Copies of the State Court Notice and this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

26.

**WHEREFORE**, Defendants, Interstate Fire & Casualty Company, Certain Underwriters at Lloyd's, London (Consortium #9226), and Independent Specialty Insurance Company, remove the matter entitled, "*Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's, Interstate Fire & Casualty Company, and Independent Specialty Insurance Company*," bearing docket number 2022-1051, from Civil District Court for the Parish of Orleans, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

(*signature on following page*)

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

s/ *Nicole M. Boyer*

_____
**KELLY C. BOGART (#22985)**
**NICOLE M. BOYER (#29775)**
**MEREDITH N. WILL (#39387)**
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
kbogart@duplass.com
nboyer@duplass.com
mwill@duplass.com
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
**Counsel for Defendants, Independent Specialty Insurance Company, Interstate Fire & Casualty Company, and Certain Underwriters at Lloyd's, London (Consortium #9226)**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 12, 2022, a copy of the above and foregoing was filed electronically. A copy has been forwarded to counsel of record by email and United States Mail, postage prepaid, this same date.

*s/ Nicole M. Boyer*
NICOLE M. BOYER