UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GREEN COAST ENTERPRISES, LLC**      **CIVIL ACTION**

**VERSUS**      **No. 22-973**

**CERTAIN UNDERWRITERS AT LLOYD'S, ET AL.**      **SECTION I**

### ORDER & REASONS

Before the Court is a motion[1] to remand filed by the plaintiff, Green Coast Enterprises, LLC ("Green Coast"). Green Coast contends that this Court lacks subject matter jurisdiction because complete diversity is lacking, and because the defendants failed to properly plead the amount in controversy necessary for removal. Certain Underwriters at Lloyd's, London (Consortium #9226) ("Lloyd's")—and the other defendants—oppose[2] the motion, arguing that all defendants are diverse and that the necessary amount in controversy exists as to each defendant. For the following reasons, the court denies the motion to remand.

### I. BACKGROUND

This case arises out of defendants' denial of an insurance claim.[3] According to the Louisiana state court petition, Green Coast purchased an insurance policy, which provided coverage for the real property located at 234 Loyola Avenue, New Orleans.[4] Green Coast alleges that this property was damaged during a hailstorm on or about

---

[1] R. Doc. 8.
[2] R. Doc. 14
[3] R. Doc. No. 1-2, at 2
[4] *Id.*

February 5, 2020.[5] Green Coast maintains that the defendants—Lloyd's, Independent Specialty Insurance Company ("Independent Insurance"), and Interstate Fire & Casualty Company ("Interstate Casualty") (collectively "defendants")—were the underwriters for the insurance policy.[6] Green Coast maintains that the defendants failed to pay pursuant to the terms of that policy when Green Coast provided a notice of loss concerning the February 5, 2020 hailstorm.[7]

On February 4, 2022, Green Coast filed the instant action in the Orleans Parish Civil District Court against the defendants.[8] Green Coast asserts a claim for breach of its insurance contract.[9]

On April 12, 2022, defendants removed the case to this Court, invoking diversity jurisdiction.[10] Defendants maintain that removal was proper, pursuant to 28 U.S.C. § 1332(a), because diversity of citizenship existed between Green Coast and the defendants, and the amount in controversy exceeded $75,000.00 at the time of removal.[11]

The notice of removal states that Green Coast is a limited liability company with two members who are citizens of Louisiana.[12] The notice of removal also identifies Interstate Casualty as an Illinois corporation with its principal place of

---

[5] *Id.*
[6] *Id.* at 1–2.
[7] *Id.*
[8] *Id.* at 1.
[9] *Id.* at 3.
[10] R. Doc. No. 1.
[11] *Id.* at 4.
[12] *Id.* at 4.

2

business in Chicago.[13] The notice states that Independent Insurance is a Delaware corporation with its principal place of business located in Dover, Delaware.[14]

With respect to Lloyd's portion of the insurance policy, which was issued in the name of Consortium #9226, the notice of removal states that "[t]wo underwriters"—commonly known as "Names" or "Members"—subscribed to the insurance policy "through Syndicate 2357 and Syndicate 1458."[15]

The notice of removal further states that the "sole corporate member" of Syndicate 2357 "is 100% owned by Nephila Syndicate Holdings, Ltd.," a Bermuda corporation with its principal place of business in Bermuda.[16] In addition, the notice of removal states that "RenaissanceRe Corporate Capital (UK) Limited is the sole member of Syndicate 1458."[17] According to the notice of removal, RenaissanceRe Corporate Capital (UK) Limited is "an English corporation" with its principal place of business in London, England.[18]

In the notice of removal, the defendants state that Green Coast has submitted a repair estimate totaling $1,731.220.02.[19] Based on this repair estimate, defendants

---

[13] *Id.* at 4–5.
[14] *Id.* at 5. The parties do not dispute that Green Coast is a Louisiana citizen based on the citizenship of its two members. The parties also do not dispute that Interstate Casualty is an Illinois citizen and that Independent Insurance is a Delaware citizen. *See, e.g.*, R. Doc. No. 8-1 (Green Coast's memorandum in support of remand), at 3–7 (arguing only that the defendants failed to identify the members of Lloyd's Consortium #9226).
[15] R. Doc. No. 1, at 5.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at 6.

3

state that the amount in controversy between Green Coast and defendants, "including the subscribing Members to Syndicate 2357 and Syndicate 1458," exceeds $75,000.00, exclusive of interest and costs, making diversity jurisdiction proper pursuant to 28 U.S.C. § 1332(a).[20]

Green Coast has moved[21] to remand, arguing that defendants failed to establish in their notice of removal that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, with respect to Green Coast's claims.[22] Specifically, Green Coast argues that the defendants failed to sufficiently plead the citizenship of all the parties, and that the amount in controversy is at least $75,000.00 with respect to Green Coast and each of the defendants, including the Lloyd's Names subscribing to the policy.[23]

## II.   STANDARD OF LAW

In general, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and "all persons on one side of the

---

[20] *Id.* at 6.
[21] R. Doc. No. 8.
[22] *Id.* at 1.
[23] *Id.*

4

controversy [are] citizens of different states than all persons on the other side at the time the complaint was filed." *Soaring Wind Energy, L.L.C. v. Catic USA, Inc.*, 946 F.3d 742, 750 (5th Cir. 2020) (internal quotation marks and citation omitted).

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). When jurisdiction is based on diversity, the party invoking the court's jurisdiction must state each party's citizenship distinctly and affirmatively. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also English v. Aramark Corp.*, 858 F. App'x 115, 115–16 (5th Cir. 2021). "[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Smith v. Bank of America Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

### III.  ANALYSIS

#### A.  Diversity of Citizenship

##### 1.  The Identity of the Parties

Green Coast first asserts that the defendants failed to establish the citizenship of each Lloyd's Name or Member subscribing to the Lloyd's portion of the insurance policy.[24] Specifically, Green Coast argues that the defendants "identified only a *subset* of investors/members who subscribe to portions of the [insurance policy] at issue here, identifying Syndicates 2357 and 1458 as Names/Members of 'Consortium

---

[24] R. Doc. 8-1, at 3.

5

9226.'"[25] Green Coast contends that in the notice of removal, the defendants state that the "sole corporate Member for Syndicate 2357 is 100% owned by Nephila Syndicate."[26] Based on this language, Green Coast asserts that, with respect to Syndicate 2357, the defendants "did not identify the actual Name subscribing to its policy[.]"[27]

"Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's." *Id.* at 857–858. "Thus, a policyholder insures *at* Lloyd's but not *with* Lloyd's." *Id.* at 858 (emphasis in original). Overall, "while an insured receives a Lloyd's 'policy' of insurance, what he has in fact received are numerous contractual commitments from each Name who has agreed to subscribe to the risk." *Id.* at 859. "The Names are jointly and severally obligated to the insured for the percentage of the risk each has agreed to assume." *Id.* With respect to the requirement of complete diversity for subject matter jurisdiction based on diversity, "[t]he majority of courts that have addressed this issue have found that each Name must be diverse." *Louisiana Restaurant Ass'n, Inc. v. Certain Underwriters at Lloyd's London*, No. 21-1718, 2021 WL 5492794, at *5 (E.D. La. Nov. 23, 2021) (Ashe, J.) (quoting *McAuslin*

---

[25] R. Doc. No. 8-1, at 5.
[26] *Id.*; R. Doc. No. 1, at 5 ¶ 14.
[27] R. Doc. No. Doc. 8-1, at 5. With respect to the identification of the parties, Green Coast only challenges the defendants' notice of removal with respect to Syndicate 2357, and not Syndicate 1458.

6

*v. Grinnell Corp.*, No. 97-803, 2000 WL 1059850, at *4 (E.D. La. Aug. 1, 2000) (Vance, J.)).

With respect to the Lloyd's syndicates that constitute Consortium #9226, the notice of removal states that the "sole corporate member" of Syndicate 2357 "is 100% owned by Nephila Syndicate Holdings, Ltd.," which is "a Bermuda corporation and has its principal place of business in Bermuda."[28] However, as demonstrated by the defendants' opposition to the motion to remand, the notice of removal was imprecise as it identified the parent company— Nephila Syndicate Holdings, Ltd.—rather than the actual member of Syndicate 2357.

The defendants' opposition clarifies that "Nephila 2357, Ltd. is the sole [m]ember of Syndicate 2357."[29] The opposition further clarifies that Nephila 2357, Ltd. "is a British private limited company with its principal place of business in Bermuda."[30] As proof of that statement, the defendants attached Nephila 2357, Ltd.'s certificate[31] of incorporation from the online records of "Companies House, the United Kingdom's registrar of companies[.]"[32]

In summary, Green Coast is correct that the defendants imprecisely identified Nephila Syndicate Holdings, Ltd. rather than the actual member of Syndicate 2357,

---

[28] *Id.*
[29] R. Doc. No. 14, at 6.
[30] *Id.*
[31] R. Doc. No. 14-3.
[32] R. Doc. No. 14, at 6. Green Coast also asserts that "the disclosure of the sole *corporate* member implies additional, *non-corporate* members whom the defendants also neglected to identify." *See* R. Doc. No. 8-1, at 5. Defendants have now offered precise information identifying that Nephila 2357, Ltd. is the sole member of Syndicate 2357. As to this point, Green Coast's argument is moot.

7

*i.e.*, Nephila 2357, Ltd. However, the defendants have now identified Nephila 2357, Ltd., which has diverse citizenship with respect to Green Coast.

"The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[That statute] allows pleadings, including notices of removal, to be amended prior to judgment to 'remedy inadequate jurisdictional allegations,' but not 'defective jurisdictional facts.'" *Marquette Transp. Co. v. Trinity Marine Products, Inc.*, No. 06-826, 2007 WL 1239128, at *4 (E.D. La. Apr. 27, 2007) (Africk, J.) (quoting *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000)). The Fifth Circuit has "repeatedly noted that § 1653 is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire*, 212 F.3d at 887; *see also Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (noting that Section 1653 "should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties."). However, "[section 1653] is not to be used to create jurisdiction retroactively where it did not previously exist." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

The defendants' failure concerns their imperfect identification of the relevant business entity with respect to Syndicate 2357, rather than the presence of a party who is not truly diverse. Given the technical nature of the defects in defendants' notice of removal, and considering the evidence that defendants submitted with their

8

opposition to remand, "the Court will construe defendants' arguments in favor of diversity jurisdiction as a request to amend their notices of removal." *Marquette Transp. Co.*, 2007 WL 1239128, at *4. As ordered below, the defendants may file an amended notice of removal, distinctly and affirmatively identifying Nephila 2357, Ltd. and its citizenship, within seven (7) days of the date of this order.

## 2. The Business Entity Form

Next, Green Coast asserts that the defendants failed to identify all necessary parties because the two syndicate members are not corporations, but are instead United Kingdom limited companies.[33] Specifically, Green Coast asserts that "each identified syndicate member is a *limited company*," and "for any juridical entity other than a corporation, diversity jurisdiction depends on the citizenship of all the constituent members of that entity."[34]

Whether a court should treat a foreign business entity as the equivalent of an American corporation for the purposes of diversity jurisdiction is a complicated question. *See, e.g.*, *United Steelworkers of America, AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 151 (1965) (describing the complexities of "fitting an exotic creation of [Puerto Rican] civil law, the sociedad en comandita, into a federal scheme which knew it not") (discussing *People of Puerto Rico v. Russell & Co.*, 288 U.S. 476 (1933)); *White*

---

[33] R. Doc. No. 8-1, at 6.
[34] R. Doc. No. 8-1, at 6. For this proposition, Green Coast cites *Carden v. Arkoma Associates.* 494 U.S. 185, 195–196 (1990). *Carden* concerned a domestic limited partnership, an entity for which the law traditionally requires listing of all partners. *Id.* at 186.

9

*Pearl Inversiones, S.A. v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011) ("Yet not even the United Kingdom has a business form that is exactly equal to that of a corporation.").

The Fifth Circuit has adopted a juridical-person approach where "the relevant inquiry is whether an entity is a 'citizen or subject' of a foreign state within the meaning of § 1332(a)." *Berik Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 298 (5th Cir. 2010). An entity will be considered a foreign citizen "so long as the entity is considered a juridical person under the law [of the country] that created it." *Id.* (quotation omitted). In *Berik Stiftung*, the Fifth Circuit determined that a "stiftung"—a business entity formed pursuant to Liechtenstein law—is a "juridical person" and foreign citizen because it is a "legally and economically independent entity … separated from the founder's personal assets" and with assets of its own. *Id.* at 298–99.

Proceeding with the Fifth Circuit's guidance in *Berik Stiftung* in mind, the Court determines that a United Kingdom limited company is a juridical person and a foreign citizen for purposes of diversity jurisdiction. "A private limited company [under United Kingdom law] has all of [the hallmarks of an American corporation]: a separate legal identity with separate liability; at least one director and one secretary; marketable stocks, though they cannot be sold on the public exchange; required annual reports to the Companies House, the United Kingdom's equivalent of a State Corporation Commission; and no pass-through taxation." *Brink's Co. v. Chubb European Grp. Ltd.*, No. 20-520, 2020 WL 6829870, at *6 (E.D. Va. Nov. 20, 2020)

(citing, *inter alia*, U.K. Companies Act of 2006, c. 46, pt. 1 §§ 3–4, 544; *id.* at pt. 2 § 16; L. OF INT'L TRADE §§ 145:4, 145:6, 145:8).

Indeed, multiple other district courts that have addressed this issue have held that "[United Kingdom] private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction." *SHLD, LLC v. Hall*, No. 15-6225, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015); *see also, e.g.*, *SNC-Lavalin Constructors, Inc. v. Tokio Marine Kiln Ins. Ltd.*, No. 19-873, 2021 WL 2550505, at *6 (D. Md. June 21, 2021); *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, No. 13-93, 2013 WL 5929816 at *3 (D. Conn. Nov. 4, 2013); *Simon Holdings PLC Grp. of Cos. U.K. v. Klenz*, 878 F. Supp. 210, 211 (M.D. Fla. 1995) (treating a private limited company "incorporated under the laws of the United Kingdom" as a corporation for diversity and subject matter jurisdiction purposes pursuant to a determination of its citizenship under 28 U.S.C. § 1332); *Chok v. S & W Berisford, PLC*, 624 F. Supp. 440, 441 (S.D.N.Y. 1985) (accepting the parties' agreement that a British private limited company "is a corporation formed under the laws of the United Kingdom," and therefore treats it as a corporation for purposes of diversity determination).[35]

---

[35] Green Coast offers one case in support of its contention that a U.K. limited company is treated similarly to an American limited-liability company rather than a corporation: *Seaspray Perdido Key Owners Ass'n v. Certain Underwriters at Lloyd's London*, No. 21-356, 2021 WL 5278733 (N.D. Fla. June 9, 2021). The *Seaspray* court noted that the defendants in that case "cited no caselaw to support" the proposition that U.K. limited companies are treated like corporations. *Id.* at *1. Presented with that record, and without any citation to other caselaw referenced herein which would support the defendants' position in that case, the *Seaspray* Court decided that "the citizenship of each member of those identified companies must be established," and

11

Defendants have provided corporate records for the British limited companies Nephila 2357, Ltd., which is the sole member of Syndicate 2357, as well as records for RenaissanceRe Corporate Capital (UK) Limited, the sole member of Syndicate 1458. Both of these entities are British private limited companies with their principal places of business in Bermuda and England, respectively. Therefore, these entities are completely diverse from the members of Green Coast, and diversity jurisdiction is proper pursuant to 28 U.S.C. 1332(a).

### B.     The Amount in Controversy

Lastly, Green Coast argues that the defendants' notice of removal is deficient because it does not specify that the amount in controversy with respect to Green Coast and each individual defendant exceeds $75,000.00.[36] Green Coast maintains that the notice of removal "alleged an *aggregate* amount in controversy, but not an amount in controversy between Green Coast and each [defendant]," specifically the individual Lloyd's members.[37]

In general, Green Coast is correct that, with respect to each Lloyd's member name subscribing to the policy, the defendants must establish that the amount in controversy is met. *See, e.g., Advanced Sleep Center, Inc. v. Certain Underwriters at Lloyd's London*, No. 14-492, 2015 WL 4097069, at *3 n.23 (E.D. La. July 7, 2015) (Morgan, J.) (collecting cases). However, Green Coast's argument fails because the

---

the *Seaspray* Court ordered the defendants to file a supplement to the notice of removal. *Id.* at *1–2. The absence of caselaw analysis by the *Seaspray* Court fails to support Green Coast's position.
[36] R. Doc. No. 8-1, at 7–9.
[37] R. Doc. No. 8-1, at 7 (emphasis in original).

defendants have demonstrated that the amount in controversy requirement is satisfied.

In the notice of removal, the defendants specify that the aggregate amount in controversy at the time of removal was $1,731,220.02.[38] The defendants have also filed the insurance policy into the record, and it lists the allocation of liability, expressed in percentages, with respect to each defendant.[39] In their opposition to the motion to remand, the defendants specifically calculate the dollar amount of each subscribing party to the overall insurance policy, including both subscribing members to Lloyd's portion of the policy.[40] The calculations confirm that Nephila 2357, Ltd. is responsible for a 5.4% share of liability pursuant to the policy.[41] This percentage of liability is equal to $93,485.89. Further, RenaissanceRe Corporate Capital (UK) Limited subscribes to a 4.6% share of liability, equaling $79,636.12.[42] Therefore, the defendants have provided unrebutted evidence that the amount in controversy, both in aggregate and in relation to each defendant, exceeds the requisite amount in controversy at the time of removal.

## IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Green Coast's motion[43] to remand is **DENIED**.

---

[38] *Id.* at 6 ¶ 17.
[39] R. Doc. No. 14-1, at 66, 111.
[40] R. Doc. No. 14, at 8.
[41] *Id.*
[42] *Id.*
[43] R. Doc. No. 8.

**IT IS FURTHER ORDERED** that the defendants shall file an amended notice of removal, distinctly and affirmatively identifying Nephila 2357, Ltd. and its citizenship, no later than **TUESDAY, JUNE 28, 2022.**

New Orleans, Louisiana, June 21, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**